IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| CEDRIC BROWN,<br>Institutional ID No. 02381691<br><br>    Plaintiff,<br><br>v.<br><br>RICK MARTINEZ, *et al.*,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 5:23-CV-232-BV<br>§<br>§<br>§<br>§<br>§ |

**ORDER OF DISMISSAL**

Pro se Plaintiff Cedric Brown filed this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights during his incarceration at the Giles Dalby Unit in Post, Texas. Dkt. No. 1. Brown has consented to proceed before a magistrate judge. Dkt. No. 11. Because Brown has not complied with Court orders and has failed to prosecute this case, the Court dismisses this action under Rule 41(b) of the Federal Rules of Civil Procedure.

1. **Background**

The United States District Judge transferred this action to the magistrate judge to conduct preliminary screening under the Prison Litigation Reform Act (PLRA). Dkt. Nos. 14, 17. Before reassigning the case, the district judge issued a PLRA Filing Fee Order, granting Brown's request to proceed *in forma pauperis* (IFP) and advising him of his obligation to "promptly notify the Court of any change of address" and that any "[f]ailure to file such notice may result in this case being dismissed for want of

prosecution." Dkt. No. 13 at 2 ¶ 8 (dated Jan. 17, 2024). Brown received a similar admonishment in October 2023. Dkt. No. 9 at 2 ¶ 5.

On January 18, 2024, the Court commenced its initial screening of Brown's complaint by entering an order requiring that certain persons and entities provide authenticated records related to his claims. Dkt. No. 15. The Court reviewed the records and ordered Brown to complete and return a questionnaire in accordance with *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976), to provide the Court with additional information about the factual bases of his claims. Dkt. No. 16. In that order, the Court admonished Brown that "failure to timely return the completed Questionnaire and Declaration . . . may and most probably will result in dismissal of this action." *Id.* at 1 (emphasis omitted).

Brown did not respond to the questionnaire, so on August 8, 2024, the Court entered a Second Order to Complete Questionnaire, which *sua sponte* extended Brown's deadline to September 6. Dkt. No. 18. The Court again cautioned Brown that if he did not respond to the questionnaire, the Court would probably dismiss his complaint for failure to prosecute under FED. R. CIV. P. 41. *Id.*

As of the date of this Order, Brown has not returned the completed questionnaire or submitted any other type of notice or pleading, nor has he updated his address with the Court. In this posture, the Court can only conclude that Brown no longer wishes to pursue his claims.

2.  **Involuntary Dismissal**

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (per curiam). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

As noted above, the Court commenced its initial screening of Brown's complaint, but his failure to respond to the questionnaire or to update his current mailing address interferes with the Court's ability to further develop and screen his case. Because Brown has not responded to the Court's questionnaire for over seven months, the Court is unable to further evaluate his claims.[1] Brown's failure to follow the Court's orders impedes the timely and efficient management of the Court's docket.

Courts routinely dismiss cases when prisoners fail to respond to a questionnaire. *See, e.g.*, *Miguel v. McLane*, No. 5:19-CV-199-BQ, 2021 WL 863213, at *2 (N.D. Tex. Feb. 4, 2021) (recommending dismissal for want of prosecution for failure to return questionnaire), *R. & R. adopted by* 2021 WL 859138 (N.D. Tex. Mar. 8, 2021); *Bey v. Greyhound Lines, Inc.*, No. 3:15-CV-1406-M-BH, 2016 WL 6561590, at *1 (N.D. Tex. Feb. 19, 2016) (recommending dismissal pursuant to FED. R. CIV. P. 41(b) where plaintiff

---

[1] Brown has not communicated with the Court for more than one year. *See* Dkt. No. 12.

failed to return the magistrate judge's questionnaire), *R. & R. adopted by* 2016 WL 6561591 (N.D. Tex. Mar. 9, 2016).

Because Brown has violated this Court's orders by not responding to the questionnaire or updating his address, this case is dismissed for want of prosecution. *See Manzo-Flores v. Dixon*, No. 5:13–CV–00114–C, 2015 WL 728033, at *1 (N.D. Tex. Feb. 19, 2015) (dismissing a prisoner's civil rights case for want of prosecution when the prisoner failed to timely file an answer to the magistrate judge's questionnaire).

### 3. Conclusion

The Court **ORDERS** that Brown's complaint and all claims alleged therein be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). Dismissal of this action does not release Brown from the obligation to pay the filing fee previously imposed. *See* 28 U.S.C. § 1915(b)(1); *see also Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997) (per curiam).

Any appeal shall be to the Court of Appeals for the Fifth Circuit in accordance with 28 U.S.C. § 636(c)(3). Judgment shall be entered accordingly.

**SO ORDERED.**

Dated: November 15, 2024.

*/s/ Amy Burch*
AMANDA 'AMY' R. BURCH
**UNITED STATES MAGISTRATE JUDGE**